Singh Multani v. Garland

BIA
Brennan, IJ
A202 134 258

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

MALKEET SINGH MULTANI, AKA TAMIN IQBAL, AKA MALKIT SINGH,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*<sup>*</sup>

_____

19-3846
NAC

FOR PETITIONER:     Satwant Kaur, South Richmond Hill, NY.

FOR RESPONDENT:     Bryan Boynton, Acting Assistant Attorney General; Linda S.

_____

<sup>*</sup> Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

Wernery, Assistant Director; Monica M. Twombly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Malkeet Singh Multani, a native and citizen of India, seeks review of an October 17, 2019 decision of the BIA affirming a January 11, 2018 decision of an Immigration Judge ("IJ") that denied Singh Multani's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Malkeet Singh Multani*, No. A202 134 258 (B.I.A. Oct. 17, 2019), *aff'g* No. A202 134 258 (Immig. Ct. N.Y. City Jan. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

2

Singh Multani argues that the IJ erred when she found his testimony to be not credible. We defer to an IJ's credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Substantial evidence supports the agency's determination that Singh Multani was not credible as to his claim that members of the Dera Sacha Sauda threatened and attacked him in India when he refused to join their organization and support the Congress Party.

The IJ did not clearly err in making her credibility determination. Singh Multani's testimony was internally inconsistent and inconsistent with the documents he provided to the IJ. For example, Singh Multani testified that in May 2014 he was attacked by a large group of people wielding sticks and iron pipes for 15 to 20 minutes. But on cross examination, Singh Multani stated that he was not injured in that attack. When asked how he could be attacked by a large group of people wielding sticks and iron pipes for 15 to 20 minutes and not be injured, Singh Multani changed his story and said that his attackers had weapons but did not use them

3

and that he was able to flee from his attackers. Additionally, the IJ found that, when pressed on these and other inconsistencies, Singh Multani was hesitant in his demeanor and that Singh Multani's answers were vague and evasive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony, . . . the IJ . . . may fairly wonder whether the testimony is fabricated."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).

Given the demeanor and the inconsistency findings, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

We also find no error in the BIA's determination that the IJ did not exhibit bias. Although rare, remand may be

4

required "when an IJ's conduct results in the appearance of bias or hostility such that we cannot conduct a meaningful review of the decision below." *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quoting *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006)). The record reveals that, as was her obligation, the IJ posed questions to probe for more details, warned against leading questions while offering suggested alternatives, and advised on her preferred procedures. *See Islam*, 469 F.3d at 55 (holding that "IJ . . . has an obligation to establish and develop the record").

Singh Multani appears to argue that it was improper for the IJ to question him about his testimony. But "[u]nlike an Article III judge, an IJ is not merely the fact finder and adjudicator;" she "also has an obligation to establish and develop the record." *Islam*, 469 F.3d at 55. Accordingly, "[d]uring immigration proceedings, an IJ has the authority to 'administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses.'" *Id.* (quoting 8 U.S.C. § 1229a(b)(1)). Having carefully reviewed the record, we find that there was nothing improper or biased about the IJ's conduct in this matter.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court